UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LORYN SPEIGHT & PATRICK SPEIGHT | ) | Civil Action |
| V. | ) | No. 1:22-cv-688-DH |
| TOLTECA ENTERPRISES INC., DBA THE PHOENIX RECOVERY GROUP & TRAVELERS CAUALTY & SURETY CO OF AMERICA | ) ) | |

**MOTION FOR SUMMARY JUDGMENT**

Defendant Tolteca Enterprises Inc., dba The Phoenix Recovery Group asks the Court to render summary judgment against Plaintiffs. Co-Defendant Travelers joins the motion.

A. Introduction

1. Plaintiffs are Loryn Speight and Patrick Speight. They are husband and wife. Plaintiffs sued Tolteca alleging violations of the Federal Fair Debt Collection Procedures Act (FDCPA) and Texas Debt Collection Act (TDCA). Tolteca answered denying Plaintiffs' allegations and asserted affirmative defenses to Plaintiffs' lawsuit. Plaintiffs sued Travelers who is Tolteca's surety bond company. Travelers has no independent liability in this matter and is merely the bond company. The Texas Finance Code requires a Texas debt collection company to post a $10,000 surety bond in order to engage in the debt collection business in Texas. The bond is on file with the Texas Secretary of State. Payment under the bond is triggered only if Tolteca, is found liable and does not pay a final judgment under the Texas Finance Code. Therefore the liability of Travelers is contingent and derivative.

2. On or about November 9, 2016 to November 14, 2016, Plaintiffs' cause of action accrued

1

on its FDCPA and TDCA claims. That is the date Tolteca started its attempt to collect the debt Plaintiffs owe their former landlord concerning their rental of an apartment at Sunrise Bluff apartments, Austin, Texas.

3. Plaintiffs filed their federal lawsuit on July 22, 2022.

4. The statute of limitations on Plaintiffs' FDCPA claims is one (1) year and it is four (4) years on Plaintiffs' TDCA claims. 15 USC 1692k(d); Tex. Civ. Prac. & Rem. Code 16.051.

5. Plaintiffs' FDCPA and TDCA claims are barred by the statute of limitations because their lawsuit setting forth their claims was filed more than one year after the FDCPA claims arose and more than 4 years after the TDCA claims arose.

6. These are the FDCPA and TDCA claims that are barred by limitations:

The claim that Tolteca was not authorized to colled the debt for the Sunrise Bluff apartments. Authority to collect began November 2016. Clearly, the claim is barred.

The claim that Tolteca sought to collect an original balance of $4,578.18 as per the Statement of Deposit Account prepared by Sunrise Bluff apartments,which claim the Speights allege is inaccurate. The claim is barred and allowable interest accrued on the original debt.

The claim that Tolteca unlawfully added a $25 collection fee onto the debt. The collection fee was added onto the debt in November 2016. Clearly, the claim is barred.

7. Plaintiffs have alleged that Tolteca sought to collect an inaccurate debt from Plaintiffs. The debt amount is accurate because the original amount owed by the Plaintiffs to Sunrise Bluff apartments was the amount of the charges Plaintiffs owed Sunrise Bluff apartments as set forth in the Statement of Deposit Account ("SODA"). Sunrise Bluff's SODA itemizes the amount Plaintiffs owe the apartment complex. When the SODA charges were not paid the account was turned over

to Tolteca for collection. The lease contract provides that the unpaid account can be turned over to a collection agency. The Plaintiffs have no evidence that the debt amount or its character is inaccurate and not owed. To the contrary, the debt amount was established by the SODA and is accurate, including the interest accrued. Plaintiffs' allegation of inaccuracy is without merit and without evidence. Tolteca is entitled to summary Tolteca is entitled to rely on the creditor's information that a debt is due, owing and accurate in amount. *Jenkins v. Heinz*, 124 F. 3d 824 (7th Cir. 1997) *cert. den.* 523 U.S. 1022 (1998); *Chaudry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999); *Clark v. Captial Coll. Servs. Inc.*, 460 F.3d 1162 (9th Cir. 2006)(the FDCPA only requires that the creditor inform the debt collector about the debt amount in writing and that is adequate confirmation of the debt being owed and amount).[1]

Interest has been accruing on the original debt amount. Plaintiffs' lease contract provides for interest. Plaintiffs have no evidence the interest amount is invalid. Interest is owed on the debt and there is no genuine issue of fact concerning the accuracy of the debt. Plaintiffs' allegation of debt inaccuracy is false as a matter of law. Plaintiffs have admitted in discovery that interest could be charged to them under their lease agreement.

Tolteca is entitled to summary judgment because it sought to collect from Plaintiffs' what they legitimately owe Sunrise Bluff apartments. The debt amount was set by the Plaintiffs' creditor and interest accrued on the debt and there is no evidence that the computation of the debt is inaccurate. There is no evidence that debt is not owed, valid and legitimate.

8. Another false allegation is Plaintiffs' that Tolteca used "criminal means" to collect the debt. There is no evidence that Tolteca used violence or the threat of violence to collect the debt.

---

[1]The FDCPA states that a unchallenged debt is assume valid. 15 USC 1692g(a)(3).

3

Tolteca only used lawful means to attempt to collect the debt. In compliance with the FDCPA and TDCA, Tolteca sent Plaintiffs' the initial debt claim. Tolteca validated the debt. Tolteca communicated with the Plaintiffs over the telephone about the debt and by e-mail at Plaintiffs' request. Using such means of communication is lawful as a matter of law. There simply is no evidence of the use of "criminal means" and the Plaintiffs conclusory claim should be dismissed as a matter of law since there are no genuine issues of material fact regarding the existence of the claim. The Plaintiffs' allegation is false as a matter of law.

9. Plaintiffs have claimed that Tolteca violated the FDCPA and/or the TDCA because the debt was counted twice on their credit report. Unknown to Tolteca, Sunrise Bluff or its management company CNC Investments, placed the Speights debt account with another debt collector named, Rent Recovery Solutions. That placement occurred years after the debt was originally placed for collection with Tolteca. The placement of the account with Tolteca happened in November 2016.

Plaintiffs allege that the debt amount shows up on their credit history twice which makes it appear falsely that the Plaintiffs owe more than they really owe. The problem with this allegation is that Tolteca did not report the debt twice. Tolteca was authorized to collect the debt, Plaintiffs owe a debt to Sunrise Bluff apartments, Tolteca was engaged to collect the debt years before Rent Recovery Solutions was engaged to collect the same debt, and Tolteca was never informed that Rent Recovery Solutions was hired to collect the same debt. Therefore, Tolteca did not double report the debt and there is no evidence that Tolteca reported the debt twice. Tolteca reported the debt one time.

There is no evidence Tolteca listed the debt twice. Tolteca had no involvement in listing the debt twice on Plaintiffs' credit report. Plaintiffs sued the wrong party. They should sue Sunrise

Bluff apartments, its management company or Rent Recover Solutions because they reported the debt a second time thereby creating the false impression their debt was greater than it really was.

Consequently, Plaintiffs' allegation that Tolteca reported the debt falsely is without evidentiary support. Tolteca is entitled to the dismissal of all claims as a matter of law that they reported false and misleading credit information.

10. There is no evidence that Tolteca took any action to collect a debt from the Speights that cannot be legally taken. Tolteca was assigned a debt to collect as per the instructions of Sunrise Bluff and/or its management company CNC Investments; Tolteca sent the required debt notice letter validating the debt; at Plaintiffs request Tolteca furnished to Plaintiffs the itemized SODA, and Tolteca discussed the debt with Plaintiffs as they had requested and verified to them that the debt was owed according to their creditor. Furthermore, Tolteca was authorized to collect the debt as per its collection contract, the Speights did not dispute the debt, and Tolteca did not double report the debt. Therefore, Tolteca took lawful action to attempt to collect the debt. Consequently, Totleca is entitled to summary judgment regarding Plaintiffs' vague and conclusory claims that Tolteca took action to collect the debt that was unlawful. The claim is a false, misleading, and frivolous allegation.

Also, Tolteca was entitled by law to rely on the creditor's information that a debt was owed and valid. *Walton v. EOS CCA,* United States Court of Appeals, 7th Cir., March 21, 2018(creditor provided information to debt collector of the debt amount and that it was owed and valid and summary judgment was proper). *See also,* 15 USC 1692e(8) which provides in relevant part that a debt collector is responsible only if it knows or should know the debt is inaccurate. *See also, United States Steel Corp v. Fryer,* 493 S.W. 2d 487 (Tex. 1973); *Stone v. Lawyers Title Ins. Co.,* 554

5

S.W.2d 183 (Tex. 1877). *See also, Johnson & Higgins Inc., v. Kenneco Energy Inc.,* 962 S.W.2d 507 (Tex. 1998)(for the proposition that liability for a misrepresentation must be based on knowledge, intent, or reckless state of mind). *See also, Jenkins, Chaudry &Clark, infra.* In addition, the FDCPA provides that if a debt is not disputed then the debt collector is entitled to assume the debt is valid and owed. 15 USC 1692g(3). Plaintiffs have no evidence that Tolteca knew or should have known the debt amount or its extent and character was inaccurate. This is because they did not dispute the debt thereby raising the presumption the debt was owed, valid and legitimate. This is because Tolteca is privileged to rely on the creditor's information the debt shown on the SODA. In addition the accrued interest was properly computed. A debt collector is not liable to a consumer if the debt collector does not know or have reason to know a debt is inaccurate. 15 USC 1692e(8). A debt collector can rely on the creditor's information. *Turner v. J.V.D.B. & Assoc. Inc.,* 330 F.3d 991 (7th Cir. 2003)(creditor's contractual duty to provide accurate debt amount justified debt collector's reliance on the creditor's information); *DeLaTorre v. Legal Recovery Law Office,* 2015 WL 574629 (S.D. Cal. Feb. 11, 2015)(collector may rely on the creditor's information about a debt account); *Arrow Fin. Servs. LLC v. Wright,* 715 S.E.2d (Ga. Ct. App. 2011)(debt collector not liable for an inaccurate debt not known to be inaccurate).

11. There is no evidence Tolteca used any deceptive means to collect a debt from the Speights.

12. There is no evidence that Tolteca did not have a contract to collect a debt from the Speights from their creditor, Sunrise Bluff apartments, or for its management company, CNC Investments.

13. There is no evidence about the amount, character or extent of the Speights' debt was

invalid, incorrect or not legitimate. To the contrary the amount, character and extent of the debt was set forth in the debt account which the SODA itemized sufficient to establish the accuracy of the debt Tolteca attempted to collect. The case law cited in this Motion demonstrates that Tolteca is entitled to rely on the creditor's information concerning the consumer. There is no evidence Tolteca's reliance was unjustified. To the contrary, Tolteca's reliance was justified because the Speights did not dispute the debt for over 5 years. The Speights discovery responses indicate they made no dispute. *See, discovery responses in the exhibits. Req. for Production Response #7.*

14. There is no evidence that interest was not permitted to be added onto the Speights' debt account with their creditor. To the contrary, the Speights' lease agreement provides that interest at 18% compounded annually can be added onto the debt and the Speights have admitted in discovery that interest can be assessed on the debt. *See lease agreement provision; see Plaintiffs' discovery response admitting interest was permitted, Req. for Admission Response #15.*

15. There is no evidence Tolteca communicated to anyone credit information about the Speights that was incorrect. As explained in this motion, the Plaintiffs have no evidence showing the debt amount was inaccurate. Tolteca believes Plaintiffs have made the allegation of inaccuracy based on the faulty and conclusory premise that there is an inaccuracy because the debt amount Tolteca attempted to collect differs in amount from debt amount Rent Recovery Solutions attempted to collect. The difference is easily explained as follows: 1) Tolteca was the very first debt collector retained to collect the Sunrisee Bluff apartments debt from the Speights: 2) Tolteca's client, Sunrise Bluff and/or its managment company, CNC Investments, authorized Tolteca to collect the 18% interest on the debt as permitted under the lease agreement; 3) Rent Recovery Solutions was not attempting to collect any interest therefore the amount Rent Recovery sought to collect was different

7

because no interest was included on the debt. Therefore, properly understood, the Speights have erroneously or purposefully claimed that Tolteca was attempting to collect an inaccurate debt amount when in truth the amount Tolteca sought to collect was actually correct. Plaintiffs' allegation of inaccuracy fails as a matter of law when the genuine facts are known and understood. And, the reason there is no genuine issue of material fact regarding this explanation is that the debt amount was sent to Tolteca first (years before Rent Recovery Solutions became involved) with instructions as per the collection contract to also collect the accrued interest running on the unpaid debt. Plaintiffs are simply barking up the wrong tree.[2]

16. There is no evidence Tolteca was ever informed that subsequent to Tolteca being assigned the collection account from the Speights' creditor that later on another collection agency, namely Rent Recovery Solutions, reported the debt again creating a false impression that the debt amount was greater than it really was. There is no evidence Tolteca had any involvement, knowledge, or input in having the debt reported twice. To the contrary the truth is that Tolteca reported the original debt once and long before Rent Recovery reported the debt a second time.

17. There is no evidence that Tolteca of actual damages and of proximate causation. There is no genuine issue of material fact concerning damages because: 1) Tolteca did not violate the FDCPA or TDCA; 2) Tolteca collected the amount the Speights creditor said was owed; 3) Tolteca did not "double" report the debt on the Speights' credit report; 4) the Speights have no evidence Tolteca harmed them or took action that could not be legally taken to attempt to collect the debt or that Tolteca used criminal means against them. Distilled, Tolteca only sought to collect the amount

---

[2]The Complaint alleges Tolteca sought to collect $9,081 but Rent Recovery Solutions sought to collect $4,578. As stated in this Motion, the difference is easily explained.

8

the Speights' owed as per their creditor, together with the accrued interest which was allowed by the lease agreement. And, compounding this lack of evidence, the Speights did not dispute the debt amount or its character with Tolteca nor with Sunrise Bluff and/or its managment company CNC Investments for 5 years or more.

18. In addition to no evidence of proximate cause and no evidence that Tolteca did anything unlawful, there is no evidence that the Speights were even damaged since they did get a mortgage and financed a home purchase. The Speights have not shown any evidence supporting a claim of mental anguish. *See their discovery responses asking about mental anguish. Req. for Production #7, Req. for Admission #2. See also, Interrogatory Response #2.* [3] And if they did sustain mental anguish, that was not due to any conduct of Tolteca because Tolteca did not break any debt collection laws. *McClain v. Aetna Casualty & Surety Co.,* 5th Cir. 1993, No. 92-7389. Also lacking is evidence that Tolteca did something to the Plaintiffs that was shocking or disturbing to the point their normal life routines were disrupted. *Cousins v. Trnans Union Co.,* 246 F.3d 359, 371 (5th Cir. 2001); *CA Partners v. Spears,* 274 S.W. 3d 51 (Tex. 2008); *Parkway Co.v. Woodruff,* 901 S.W. 2d 434,444 (Tex. 1995). In this regard, when asked in discovery, the Speights did not adduce any evidence supporting mental anguish and they failed to quantify any damages. *See, discovery responses attached.* Also, the Plaintiffs have not provided supporting evidence of damage to credit reputation. This is because the Speights cannot possibly show they were denied a mortgage because of anything they attribute to Tolteca. There is no evidence Tolteca did anything to make it liable to

---

[3]The Speights failure to bring forth in their discovery responses evidence of mental anguish gives rise to the inference they really have no mental anguish. Certainly, they have not shown a concrete injury in fact vs a theoretical injury required for having standing and to show a justiciable case or controversy. *See, Spokeo Inc. v. Robins,* 578 U.S. 330 (Sup. 2016)

9

the Plaintiffs and there is no evidence of the amount of any injury and there is no evidence they were unable to obtain a mortgage because they did obtain one. *St. Paul Surplus Lines Ins. Co.v. Dal Worth Tank Co.,* 974 S.W.2d 51, 53 (Tex. 1998); *Provident American Ins. Co. v. Castaneda,* 988 S.W.2d 189 (Tex. 1998)(there must be a showing that there was an inability to obtain a loan thereby showing injury occurred and proof of the amount of that injury). The truth is the Speights did obtain a mortgage to finance a home purchase which ought to firmly shut the door on their damages claim.

19. There is no evidence Tolteca took any action against the Speights that cannot be legally taken. To the contrary Tolteca followed the law, relied on the creditor's itemized SODA ( Statement of Deposit Account) which it was legally entitled to do, Tolteca lawfully communicated with theSpeights about the debt and the amount, communications the Speights invited, and the lease contract provided for referral to a collection agency and that collection agency fees and interest could be added. *See lease agreement excerpt; see responses to Req. for Admission #13, 14, 15.* To the contrary the facts show that the Speights knew about the debt, did not dispute the debt, that the lease contract was breached by the Speights giving rise to their debt owed to their creditor, that the Speights did not pay their debt,[4] and therefore the debt together with interest was reportable to the credit bureaus. The Speights' allegation is conclusory, misleading, and without evidence.

B. Statement of Facts

20. The following facts are incontrovertible.

A. It is a fact that Plaintiffs' FDCPA and TDCA claims are barred by the one year and four years statutes of limitations. The Plaintiffs claims are more than 4 years old. The claims arose in November 2016. Plaintiffs did not bring their lawsuit until July 2022.

---

[4]The Speight admit in their Complaint they did not pay Sunrise Bluff apartments.

B. It is a fact that the Plaintiffs incurred a debt arising from their breach of lease contract with Sunrise Bluff apartments of Austin, Texas.

C. It is a fact that the original debt amount of $4578.18 was documented in November 2016 by Sunrise Bluff apartments. The debt amount was communicated to Plaintiffs in November 2016. It is a fact the Plaintiffs did not dispute the debt amount for 5 years or more. It is a fact the Speights called Tolteca and asked for the SODA itemization of the debt and for many years they did nothing to dispute the SODA when they knew about it, nor did they dispute the $25 collection fee or the interest accruing on the original debt amount.

D. It is a fact that Tolteca notified Plaintiffs of the debt amount in November 2016 and Plaintiffs did not dispute the debt amount.

E. It is a fact that Plaintiffs' lease contract provides that interest can be added onto the debt.

F. It is a fact that interest has accrued on the debt and the amount fluctuates as interest continues to accrue.

G. It is a fact that Plaintiffs have not made any payment on their debt.

H. It is a fact that Tolteca was authorized by written contract to collect the debt by Sunrise Bluff apartments and its management company CNC Investments Inc.

I. It is a fact that Tolteca's collection contract for Sunrise Bluff apartments was never terminated or canceled.

J. It is a fact that Plaintiffs' lease contract provides that interest can bee assessed on the debt at 18% compounded annually. It is a fact that Tolteca's collection contract authorized Tolteca to seek interest on the debt.

K. It is a fact that Plaintiffs' lease contract provides that the debt can be turned over to a

11

collection agency.

L. It is a fact that Tolteca was not informed that another collection company, Rent Recovery Solutions, was hired to collect the debt. It is a fact that Tolteca reported the debt only once on the Speights credit.

M. It is a fact that Tolteca was hired to collect the Sunrise Bluff debt in November 2016 and that occurred years before Rent Recovery Solutions was hired to collect the same debt.

N. It is a fact that Tolteca did not cause Plaintiffs debt owed to Surnrise Bluff apartments to be listed twice on their credit report.

O. It is a fact that no criminal means was used to collect the debt. There were no threats or use of violence in attempting to collect the debt.

P. It is a fact the debt amount is accurate.

Q. It is a fact that Plaintiffs did not dispute the debt when they were notified that they owed a debt to Sunrise Bluff apartments and that raises the presumption that the debt is valid and owed under law. 15 USC Section 1692g(a)(3).

R. It is a fact that Plaintiffs did obtain home financing from a mortage company thus showing their credit reputation was not damaged.

S. It is a fact Plaintiffs sustained no mental anguish due to Tolteca since Tolteca has no liability to the Speights and they have no evidence demonstrating mental anguish.

## C. Standard of Review

21. Summary judgment is proper where there is no genuine issue of material fact and where the Plaintiffs have no evidence supporting a claim. Fed. R. Civ. P. 56 ( c ). *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986); *J. Geils Band Employee Benefit Plan v. Smith Barney*

*Shearson Inc.,* 76 F. 3d 1245 (1st Cir. 1996). The above stated facts set in Section C cannot be truthfully or genuinely challenged.

## D. Argument

22. Plaintiffs must prove the following to sustain a claim that Tolteca violated the FDCPA and TDCA: that Plaintiffs claims were sued upon within a maximum time period of 1 year for the FDCPA claims and a maximum time period for the TDCA claims of 4 years; that Tolteca caused Plaintiffs' debt to be listed twice on Plaintiffs' credit report; that the amount of debt is inaccurate; and, that Tolteca used criminal means to injure Plaintiffs' credit reputation. Plaintiffs have the burden of proving their case for damages and liability. They have not carried their burden.

23. Plaintiffs cannot raise a material fact issue on limitations; on the accoracy concerning the amount of the debt; on the adding of a $25 collection fee since that happened more than 5 years ago; and, there is no evidence of the use of criminal means to harm Plaintiffs credit reputation and there is no evidence Tolteca did any deceptive debt collection act or acts. There is no evidence of actual damages and proximate cause since they did get a mortgage and they have failed to describe any facts showing they have discharged their burden of proof to recover damages for mental anguish.

## E. Summary Judgment Evidence

24. In support of Tolteca's Motion for Summary Judgment, Tolteca points to the documents, discovery responses, and affidavits included in the attached exhibits. The following items are included in the exhibits:

A. Declaration of Christopher Haines, Vice President establishing that Plaintiffs' claims are false, misleading and unfounded and are otherwise without evidence to support the claims made and that Tolteca only used lawful means to collect a valid and owing debt and the

13

debt's amount, extent and character is valid, owed, and accurate.

B. Copy of the Client Service Agreement establishing Tolteca's authority to collect the debt for Sunrise Bluff apartments.

C. Tolteca's Debtor Notes tracking their handling of Speights account.

D. Initial validation letter establishing the collection of the debt from Plaintiffs.

E. Email communications that the Speights owe the debt Sunrise Bluff apartments.

F. Statement of Deposit Account (SODA)

G. Lease agreement showing collection agency can be used; collection agency fee is chargeable, and interest is chargeable

H. Note from Sunrise Bluff apartment manager that informs the Speights that unpaid balances can be sent to a credit agency and they are responsible for unpaid balances and damages to their apartment unit

I. The discovery responses establishing that Plaintiffs' lease contract authorizes the addition of interest on the debt, that unpaid balances can be referred to collection, and that Plaintiffs have not described any damages.

## G. Attorney Fees

15. Tolteca is entitled to attorney fees incurred in defending this lawsuit because Plaintiffs' lawsuit is without merit, groundless, frivolous, made in bad faith and constitutes harassment. Tolteca will submit the claim later.

## H. Conclusion

16. Plaintiffs' lawsuit is based on false and erroneous information. Their allegations are conclusory, without evidentiary support, and divorced from reality. Plaintiffs should take nothing

since their claims are barred by the statute of limitations, are unsupported by evidence and because Tolteca has shown it did nothing wrong and there is no evidence the Speights were damaged by Tolteca and there is no evidence Tolteca proximately caused any injury as a matter of law. The Speights have attempted to fool everyone into believing they were wronged by Tolteca when they were not wronged. Their lawsuit is spurious, frivolous and vexatious.

WHEREFORE, Tolteca (and Travelers) asks that it be granted summary judgment and judgment should be rendered that Plaintiffs take nothing by its lawsuit.

S/Thomas A. Clarke
Texas Bar No. 04318600
5801 IH 10 West
San Antonio, Tx 78201
210/733-6235
tomatty52@gmail.com
Attorney for Defendants

Certificate of Service

The foregoing motion, exhibits, and proposed order was e-filed with the Court's CM/ECF electronic filing system which will give electronic notice to Tyler Hickle, Attorney for the Plaintiffs on November 16, 2022.

S/Tom Clarke