UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LORYN SPEIGHT & | § | |
| | § | |
| PATRICK SPEIGHT, | § | |
| *Plaintiffs* | § | CASE NUMBER: 1:22-cv-688-DH |
| | § | |
| v. | § | |
| | § | |
| TOLTECA ENTERPRISES, INC. & | § | |
| | § | |
| TRAVELERS CASUALTY AND | § | |
| SURETY CO. OF AMERICA | § | |
| *Defendants.* | § | |

**PLAINTIFFS' RESPONSE TO TOLTECA ENTERPRISES, INC.'S MOTION FOR
SUMMARY JUDGMENT**

Plaintiffs Loryn Speight and Patrick Speight hereby respond to the

motion for summary judgment of Defendants Tolteca Enterprises, Inc.

("Tolteca") and Travelers Casualty and Surety Co. of America.

## Table of Contents

I.   BACKGROUND ................................................................................................. 1

II.  LEGAL STANDARD ....................................................................................... 3

III. ARGUMENT .................................................................................................... 4

   A.   Plaintiffs' claims are within the statutes of limitations of the FDCPA (one year) and TDCA (two years). ........................................................................................................ 5

      1.   An FDCPA cause of action accrues from each violation, not the earliest of a series of violations. .................................................................................................................. 5

      2.   The TDCA should be interpreted consistently with the FDCPA. ............................... 6

   B.   Evidence exists for all of Plaintiffs' claims. ......................................................... 7

      1.   Tolteca violated six sections the FDCPA. ................................................................ 8

         a.   Tolteca falsely represented it had authority to collect from Plaintiffs. .................... 9

         b.   Tolteca's actions were illegal. ................................................................................ 9

         c.   Tolteca's violations of the FDCPA were criminal violations of Texas law. .......... 10

         d.   Tolteca falsely represented the amount of Plaintiffs' alleged debt by reporting to credit bureaus an amount double what an authorized collector was reporting. ................ 11

         e.   Plaintiffs disputed the debt with Tolteca, Tolteca's notes record the dispute, but it still failed to communicate that dispute to credit bureaus. ................................................. 12

         f.   Tolteca may not collect an "agency fee" from Plaintiffs for its criminal and unauthorized debt collection. ..................................................................................... 13

      2.   The TDCA is very similar to the FDCPA, and the same actions violate both. .......... 14

   C.   Plaintiffs sustained emotional distress due to Tolteca's unauthorized attempted collection of nearly $10,000 and the resulting denial of a mortgage. ........................................... 14

   D.   Tolteca has offered false testimony and manufactured evidence. .................................. 15

IV.  CONCLUSION ............................................................................................... 16

Table of Authorities

**Cases**

*Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156 (5th Cir. 2006) ............ 4

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). ...................................... 4

*Bender v. Elmore & Throop, P.C.,* 963 F.3d 403 (4th Cir. 2020) ........................ 6

*Bisetti v. City of Austin*, No. A-19-CV-00616-DH (W.D. Tex. Sept. 30, 2022). .... 4

*Brady v. Credit Recovery Co.*, 160 F.3d 64 (1st Cir. 1998) .............................. 13

*Brown v. Oaklawn Bank,* 718 S.W.2d 678 (Tex.1986) .................................... 15

*Bullock v. Abbott & Ross Credit Servs., LLC*, No. A-09-CV-413-LY, 2009 WL
    4598330 (W.D. Tex. Dec. 3, 2009) ............................................................ 14

*Caldwell v Freedom Mortgage Corp.*, 2020 WL 4747497 (N.D. Tex. Aug. 14,
    2020) ........................................................................................................ 7

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). .................................................. 4

*Clark v. Deutsche Bank National Trust Co.*, 719 F. App'x 341 (5th Cir. 2018, per
    curiam). ..................................................................................................... 7

*Decker v. Servis One, Inc.*, No. 1: 15-CV-1170-RP (W.D. Tex. Jan. 5, 2017) ...... 8

*Demarais v. Gurstel Chargo, P.A.,* 869 F.3d 685 (8th Cir. 2017) ........................ 6

*Dixon v. RJM Acquisitions, LLC*, 640 Fed. Appx. 793 (10th Cir. 2016) ............. 12

*Evans v. Portfolio Recovery Assoc.*, 889 F.3d 337 (7th Cir. 2018) ................... 12

*Gomez v. Cavalry Portfolio Serv., LLC*, 962 F.3d 963 (7th Cir. 2020) ................. 6

In *re Eastman*, 419 B.R. 711 (Bankr. W.D. Tex. 2009). ............................. 7, 14

*James v. MRC Receivables Corp.*, 2018 WL 3213147 (W.D. La. June 28, 2018) 6

*Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574 (1986) ...................... 4

*Michalak v. LVNV Funding, LLC*, 604 Fed. Appx. 492 (6th Cir. 2015) ............... 6

*Nationstar Mortgage LLC v. Barefoot*, No. 14-19-00750-CV (Tex. App. June 30,
    2022) ........................................................................................................ 7

*Poirier v. Alco Collections, Inc.*, 107 F.3d 347 (5th Cir. 1997) ......................... 10

*Prophet v. Joan Myers, Myers & Assocs., P.C.,* 645 F. Supp. 2d 614 (S.D. Tex.
    2008) ....................................................................................................... 14

*Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133 (2000) ............... 4, 16

*Solomon v. HSBC Mortg. Corp.,* 395 F. App'x 494 (10th Cir. 2010). ............... 5, 6

*Tejero v. Portfolio Recovery Assoc.*, 955 F.3d 453 (5th Cir. 2020) .................... 13

*Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337 (5th Cir. 2007) ............... 4

*Washburn v. Harvey,* 504 F.3d 505 (5th Cir. 2007). ......................................... 4

*Williams v. Trader Publ'g, Co.,* 218 F.3d 481 (5th Cir. 2000) ........................... 15

## Statutes

15 U.S.C. § 1692a(e) ........................................................................................ 6

15 U.S.C. § 1692d(1) .............................................................................. 8, 10, 14

15 U.S.C. § 1692e ...................................................................................... 8, 9, 14

15 U.S.C. § 1692e(2)(a) ........................................................................ 8, 11, 12, 14

15 U.S.C. § 1692e(5); ............................................................................. 8, 9, 10

15 U.S.C. § 1692e(8) ............................................................................. 8, 12, 13

15 U.S.C. § 1692f(1) .............................................................................. 8, 13, 14

15 U.S.C. § 1692k(d) ...................................................................................... 5

Tex. Civ. Prac. and Remed. Code § 16.003 ..................................................... 6

Tex. Fin. Code § 392.301(1) ........................................................................... 14

Tex. Fin. Code § 392.303(2) ........................................................................... 14

Tex. Fin. Code § 392.304(19) ......................................................................... 14

Tex. Fin. Code § 392.304(8) ............................................................................ 14

Tex. Fin. Code § 392.402 ............................................................................... 11

## Other Authorities

Mitchell J. Armstrong, *Copycat Courts: The Statute of Limitations Period for
TDCA Claims*, 24 J. Consumer & Com. L. 11 (2020) ..................................... 7

## Rules

Fed. R. Civ. P. 56(a) ...................................................................................... 4

Tolteca has misrepresented that its collection contract is still active. The collection contract was terminated in 2017 and Tolteca has been without authority to collect from Plaintiffs since. Its unauthorized collection of an alleged debt relating to Plaintiffs' former residence ("the alleged debt") violates the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TDCA").

Plaintiffs have ample evidence for each cause of action and can prove their damages.

The Court should deny Tolteca's motion.

## I.      BACKGROUND

On May 5, 2010, twenty-two Austin area apartment complexes contracted with Tolteca to collect the complexes' debts. Dkt. 28-2. Sunrise Bluffs was one of the complexes. *Id.* Tolteca was to be paid 40% of what it collected. *Id.*

The Plaintiffs moved into the Sunrise Bluffs apartment complex in early 2015. Dkt. 28-7. Plaintiffs completed their lease and then vacated. Sunrise Bluffs claimed the Plaintiffs owed it money, Plaintiffs disagreed and did not pay, and in November of 2016 the alleged debt was placed with Tolteca for collection. Dkt. 28-2.

Tolteca began attempting to collect the alleged debt from Plaintiffs. Plaintiffs orally disputed the debt as shown by Tolteca's records. Dkt. 28-3 ("... she ds [sic] not agree with the balance".)

On July 25, 2017, the twenty-two complexes, through counsel, sent a contract termination letter to Tolteca's counsel. *See* Ex. "1"–notice of contract

termination. The complexes wrote Tolteca was "collecting money from tenants and simply keeping the money for itself." *Id.* The complexes alleged Tolteca had "engaged in theft under Section 31.03 of the Texas Penal Code." *Id.* The termination letter was clear and unequivocal:

> "This letter also serves as notice of breach to [Tolteca] and notice that the Communities are terminating their contract with [Tolteca] as a result of that breach. The Communities hereby demand that all accounts and associated materials which had been placed with [Tolteca] be returned to them."

*Id.*

Tolteca did not comply with the demands. On August 10, 2017, Sunrise Bluffs' owner, CNC Austin Lights LP, along with the owners of the other twenty-one complexes, sued Tolteca in the Bexar County 131st District Court under cause number 2017CI14724 ("the state court case"). *See* Ex. "2"–state court case filings. The state court case is styled *Tirupathi Limited Partnership et al v. Tolteca Enterprises, Inc. d/b/a Phoenix Recovery Group. Id.* Tolteca is represented in the state court case by the same counsel representing them in this suit. *Id.* The state court case is still pending. *Id.*

Despite the notice of termination, the state court case, and this lawsuit, Tolteca has continued to collect Sunrise Bluffs apartment complex debts. Dkt. 28-1 at 3 ("Tolteca continues to collect for Sunrise Bluffs apartments presently."). Tolteca attempted to collect Plaintiffs' alleged debt by communicating information regarding it to the Experian, Equifax, and TransUnion credit bureaus after the collection contract was terminated.

After the termination of the collection contract with Tolteca, Sunrise Bluffs placed Plaintiffs' alleged debt with a different debt collector, Rent Recovery Solutions, LLC ("RRS"). RRS also reported Plaintiffs' alleged debt to the credit bureaus. *See* Ex. "3"–Plaintiffs' redacted credit reports.  Due to Tolteca's unauthorized collection and RRS' authorized collection, the same alleged debt appeared twice on Plaintiffs' credit reports. *Id.* However, Tolteca sought to collect $9,081 but RRS only $4,578. *Id.* Tolteca's unauthorized collection made it appear as if Plaintiffs owed $13,659 to Sunrise Bluffs when they owed, if anything, a third of that amount.

In 2022 the Speights wanted to buy a home and applied for a mortgage. The lender pulled the Speights' Experian credit reports on June 30, 2022. Those credit reports had entries from both Tolteca and RRS. *Id.* The mortgage application was denied. The lender wrote the principal reason for denial was "Collection Action or Judgment". *See* Ex. "4"-Notice of Action Taken.

The Speights later bought a home but not the home they originally wanted and most desired.

The Speights contacted Sunrise Bluffs to determine which debt collector they should pay. *See* Ex. "5"-Plaintiffs' declarations. Sunrise Bluffs instructed the Speights to pay RRS. *Id.*

The Speights then brought the present suit against Tolteca.

## II.   LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the

3

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey,* 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986); *Washburn,* 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Anderson,* 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

*Bisetti v. City of Austin*, No. A-19-CV-00616-DH, at *5-6 (W.D. Tex. Sept. 30, 2022).

## III.   ARGUMENT

Plaintiffs' FDCPA and TDCA claims accrued within the relevant statutes of limitations. Claims accrue, for statute of limitations purposes, upon each violation, not the earliest similar violation.

4

Tolteca's assertion that Plaintiffs can muster no evidence supporting their claims is disproved by the exhibits attached to this response.

**A. Plaintiffs' claims are within the statutes of limitations of the FDCPA (one year) and TDCA (two years).**

Plaintiffs complain of a series of violations of the FDCPA and the TDCA by Tolteca that began after Tolteca's counsel received the notice of contract termination dated July 25, 2017. They are only seeking relief for the FDCPA and TDCA violations that occurred in the one year and two years, respectively, immediately preceding filing their original complaint. During these periods, Tolteca communicated information regarding the alleged debt to credit bureaus monthly.

**1. An FDCPA cause of action accrues from each violation, not the earliest of a series of violations.**

The FDCPA's statute of limitations at 15 U.S.C. § 1692k(d) states:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

The text of the FDCPA is clear: A plaintiff must sue within one year of the violation, not the within one year of first violation in a series of similar violations.

"[T]he vast majority of federal cases that have considered the issue" agree the FDCPA's statute of limitations runs separately for each discrete violation. *Solomon v. HSBC Mortg. Corp.,* 395 F. App'x 494, 497 n.3 (10th Cir. 2010). The vast majority includes the 4th, 6th, 7th, 8th, and 10th Circuits. *Bender v.*

5

*Elmore & Throop, P.C.,* 963 F.3d 403, 407 (4th Cir. 2020); *Michalak v. LVNV Funding, LLC*, 604 Fed. Appx. 492, 493 (6th Cir. 2015); *Gomez v. Cavalry Portfolio Serv., LLC*, 962 F.3d 963, 966 (7th Cir. 2020); and *Demarais v. Gurstel Chargo, P.A.,* 869 F.3d 685, 694 (8th Cir. 2017). *See also James v. MRC Receivables Corp.*, 2018 WL 3213147, at *4 (W.D. La. June 28, 2018) (finding consumer correctly asserted "each and every credit reporting made to each CRA constitutes a separate and distinct action which requires its own statute of limitations analysis.") "Any other rule would immunize debt collectors from later wrongdoing." *Solomon,* 395 F. App'x at 497 n.3.

The majority position furthers the purpose of the act found at 15 U.S.C. § 1692a(e) which states:

> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

As the *Solomon* court noted, the position advocated by Tolteca would have perverse consequences and directly undermine the purpose of the FDCPA.

Plaintiffs ask the Court to take a position consistent with the language of the statute, that was adopted by vast majority of other federal courts, and that furthers the purpose of the FDCPA.

## 2. The TDCA should be interpreted consistently with the FDCPA.

The text of the TDCA does not contain a statute of limitations. The Fifth Circuit has held the TDCA has a two-year statute of limitations based on § 16.003 of the Texas Civil Practices and Remedies Code. *See Clark v. Deutsche*

6

*Bank National Trust Co.*, 719 F. App'x 341, 343 (5th Cir. 2018, per curiam). *But see Nationstar Mortgage LLC v. Barefoot*, No. 14-19-00750-CV, at *7 (Tex. App. Oct. 28, 2021); Mitchell J. Armstrong, *Copycat Courts: The Statute of Limitations Period for TDCA Claims*, 24 J. Consumer & Com. L. 11 (2020).

There is little caselaw about the accrual of an action under the TDCA. However, Texas courts "often interpret the TDCA in accordance with the FDCPA." *Caldwell v Freedom Mortgage Corp.*, 2020 WL 4747497, at *3 n.4 (N.D. Tex. Aug. 14, 2020). "[T]he structure of the Texas statute is modeled on the federal enactment and so should be similarly construed." In *re Eastman*, 419 B.R. 711, 731 (Bankr. W.D. Tex. 2009).

This Court should construe the TDCA's statute of limitations as it should construe the FDCPA's: Each collection effort is a discrete action with its own statute of limitations period.

**B. Evidence exists for all of Plaintiffs' claims.**

Tolteca argues Plaintiffs cannot muster any evidence to support their causes of action. This is untrue. Plaintiffs can provide evidence for each element they must prove to prevail.

"To state an FDCPA claim, a plaintiff must show: "(1) that he was the object of a collection activity arising from a consumer debt; (2) that defendant is a debt collector as defined by the FDCPA; and (3) that defendant engaged in an act or omission prohibited by the FDCPA."" *Manuel v. Merchants and Professional Credit Bureau, Inc.*, 402 F. Supp. 3d 361, 368 (W.D. Tex. 2019).

"To support a TDCPA claim, the plaintiff must set forth facts showing that (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector with the meaning of the TDCPA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act." *Decker v. Servis One, Inc.*, No. 1: 15-CV-1170-RP, at *10 (W.D. Tex. Jan. 5, 2017).

The common elements are not in dispute. Plaintiffs' alleged debt is a "consumer debt" as it relates to an apartment used as their residence. Tolteca's primary business is debt collection. And it tried to collect money from Plaintiffs by reporting information regarding the alleged debt to credit bureaus. *See* Ex. "3".

Tolteca primarily argues Plaintiffs have no evidence showing Tolteca violated the FDCPA or TDCA and that Plaintiffs were not damaged.

**1. Tolteca violated six sections the FDCPA.**

Tolteca used false representations or deceptive means to attempt to collect a debt in violation of § 1692e; used criminal means to harm Plaintiffs' reputation in violation of § 1692d(1); took action that cannot legally be taken in violation of § 1692e(5); falsely represented the character and amount of the debt in violation of § 1692e(2)(a); communicated credit information it knew or should have known to be false in violation of § 1692e(8); and attempted to collect a fee not expressly authorized by the agreement creating the debt or permitted by law in violation of § 1692f(1).

Most of these violations share a common origin: Tolteca continuing to collect the allege debt after the termination of the collection contract. After July 25, 2017 (the date of the termination notice), Tolteca had no authority to report information regarding the alleged debt to the credit bureaus. It did so anyway in the expectation Plaintiffs would pay Tolteca and Tolteca would get their 40% commission.

### a.     Tolteca falsely represented it had authority to collect from Plaintiffs.

Section 1692e is one of the FDCPA's catch all provisions and it states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

Any authority Tolteca had to collect Plaintiffs' alleged debt terminated years ago. Tolteca misrepresented it still had that authority when it reported information about Plaintiffs to credit bureaus. When a debt collector reports a debt to a credit bureau, it is a representation the consumer may contact them to pay. Here, paying Tolteca would not have resolved Plaintiffs' alleged debt.

That Tolteca may not have known the alleged debt had been placed with another collector is irrelevant. Sunrise Bluffs did not have to keep Tolteca informed of its activities. What is relevant is Tolteca knew it had no authority to continue to collect Plaintiffs' alleged debt.

It did so anyway and violated § 1692e.

### b.     Tolteca's actions were illegal.

15 U.S.C. § 1692e(5) states:

A debt collector may not use any false, deceptive, or
misleading representation or means in connection with
the collection of any debt. Without limiting the general
application of the foregoing, the following conduct is
a violation of this section:
(5) The threat to take any action that cannot legally be
taken or that is not intended to be taken.

The 5th Circuit has held taking illegal action, as well as merely

threatening it, violates § 1692e(5). *Poirier v. Alco Collections, Inc.*, 107 F.3d 347,

351 (5th Cir. 1997) (holding defendant violated § 1692e(5) by taking an illegal

action, regardless of whether there was also a threat to take such illegal

action.)

As discuss *infra*, Tolteca's actions were not merely illegal, they were also

criminal. By taking illegal action in connection with collecting the alleged debt

from Plaintiffs, Tolteca violated 15 U.S.C. § 1692e(5).

   **c.    Tolteca's violations of the FDCPA were criminal violations of
           Texas law.**

   Tolteca violated the FDCPA by using criminal means to harm the

reputations of Plaintiffs.

   15 U.S.C. § 1692d(1) prohibits a debt collector from "the use or threat of

use of violence or other criminal means to harm the physical person,

reputation, or property of any person."

   This provision provides a private cause of action for violation of state

criminal laws where the criminal violation could harm the person's reputation

if the violation occurs in connection with the collection of a consumer debt.

10

As discussed *infra*, Tolteca violated the TDCA. With an exception not here relevant, any violation of the TDCA is a criminal offense. Section 392.402 of the TDCA states:

> (a) Except as provided by Subsection (d), a person commits an offense if the person violates this chapter.
> (b) An offense under this section is a misdemeanor punishable by a fine of not less than $100 or more than $500 for each violation.

Tolteca criminally harmed the reputation of Plaintiffs by the unauthorized and inaccurate reporting of credit information to credit bureaus. A lender, relying on that information, denied Plaintiffs a mortgage for a house they desired.

**d.    Tolteca falsely represented the amount of Plaintiffs' alleged debt by reporting to credit bureaus an amount double what an authorized collector was reporting.**

15 U.S.C. § 1692e(2)a states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of—
>      (A) the character, amount, or legal status of any debt[.]

When Plaintiffs called Sunrise Bluffs, they were informed to contact RRS to resolve their debt. *See* Ex. 5. It is reasonable to infer from Sunrise Bluffs' direction that RRS was authorized to collect debts on its behalf. It is also

11

reasonable to infer Tolteca was collecting an inaccurate amount because it is collecting a different amount than the amount RRS was collecting.

On May 17, 2022, RRS reported Plaintiffs owed $4,728, the same amount they had been reporting since the alleged debt was assigned to them for collection. *See* Ex. 3. In contrast, Tolteca reported on April 8, 2022 the Plaintiffs owed $9,067. *Id.*

Tolteca reported, and falsely represented the Plaintiffs owed, an amount nearly double what the authorized debt collector was reporting. This violates 15 U.S.C. § 1692e(2)(a).

> **e. Plaintiffs disputed the debt with Tolteca, Tolteca's notes record the dispute, but it still failed to communicate that dispute to credit bureaus.**

15 U.S.C. § 1692e(8) states:

```
A debt collector may not use any false, deceptive, or
misleading representation or means in connection with
the collection of any debt. Without limiting the general
application of the foregoing, the following conduct is
a violation of this section:
(8) Communicating or threatening to communicate to any
person credit information which is known or which should
be known to be false, including the failure to
communicate that a disputed debt is disputed.
```

Tolteca violated § 1692e(8) by failing to communicate Plaintiffs' oral dispute when communicating other information regarding their alleged debt to credit bureaus.

A consumer's dispute may be oral or written. *Evans v. Portfolio Recovery Assoc.,* 889 F.3d 337, 347 (7th Cir. 2018); *Dixon v. RJM Acquisitions, LLC*, 640 Fed. Appx. 793 (10th Cir. 2016); *Brady v. Credit Recovery Co.*, 160 F.3d 64, 66

12

(1st Cir. 1998) ("[c]learly, the ordinary usage of 'dispute' does not contemplate a writing"). A consumer may dispute a debt without using the word "dispute". *Tejero v. Portfolio Recovery Assoc.*, 955 F.3d 453, 460–461 (5th Cir. 2020) ("The relevant part of the letter reads: 'My monthly expenses exceed my monthly income... and the amount you are reporting is not accurate either.' Aside from invoking the word 'dispute,' we struggle to see how a debtor could dispute a debt more clearly than by writing, 'the amount you are reporting is not accurate.'")

The Plaintiffs orally disputed the debt. Dkt. 28-3 ("... she ds [sic] not agree with the balance".) Tolteca failed to convey that dispute in any subsequent communicate to credit bureaus. *See* Ex. 3. This violates § 1692e(8).

### f.   Tolteca may not collect an "agency fee" from Plaintiffs for its criminal and unauthorized debt collection.

15 U.S.C. § 1692f(1) states:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Tolteca attempted to collect from Plaintiffs a $25.00 agency fee. Dkt. 28-4. Tolteca could not collect any amount from Plaintiffs, let alone charge Plaintiffs a fee for the privilege of its unauthorized collection.

Tolteca violated § 1692f(1) by charging Plaintiffs a fee for its unauthorized, illegal, and criminal collection of their alleged debt.

13

**2. The TDCA is very similar to the FDCPA, and the same actions violate both.**

Plaintiffs allege Tolteca violated the TDCA by using a false representation or deceptive means in violation of § 392.304(19); using criminal means to harm Plaintiffs in violation of § 392.301(1); misrepresenting the character or amount of Plaintiffs' debt in violation of § 392.304(8); and charging an unauthorized fee in violation of § 392.303(2).

The alleged violations of the TDCA mirror the corresponding sections of the FDCPA. "Stated another way, for the same reasons that the Defendants are liable under [] the FDCPA in the Fifth Circuit, they are liable under [] [ the TDCA]". In *re Eastman,* 419 B.R. at 731. "The same actions that are unlawful under the FDCPA are also unlawful under the TDCA." *Bullock v. Abbott & Ross Credit Servs., LLC*, No. A-09-CV-413-LY, 2009 WL 4598330, at *2 n.3 (W.D. Tex. Dec. 3, 2009). *Prophet v. Joan Myers, Myers & Assocs., P.C.,* 645 F. Supp. 2d 614, 617 (S.D. Tex. 2008).

The false means and deceptive representations that violated § 1692e also violate § 392.304(19). The criminality prohibited by § 1692d(1) is also prohibited by § 392.301(1). Tolteca's misrepresentations of the amount violate both § 1692e(2)(a) and § 392.403(8). And Tolteca's unauthorized fee violates both § 1692f(1) and § 392.303(2).

**C. Plaintiffs sustained emotional distress due to Tolteca's unauthorized attempted collection of nearly $10,000 and the resulting denial of a mortgage.**

Emotional distress damages are actual damages under TDCA. *See Brown v. Oaklawn Bank,* 718 S.W.2d 678, 680 (Tex.1986) (holding damages for "serious upset" and "strain of overall situation" were recoverable under the Act). Consumers may provide evidence of these damages by their testimony. *Id.*

Tolteca alleges there is no evidence Plaintiffs sustained actual damages to support their TDCA claims. This is false. Tolteca correctly states that Plaintiffs have not provided an amount they are seeking for these damages, but they do not have to do so. "Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)." *Williams v. Trader Publ'g, Co.,* 218 F.3d 481, 486 n.3 (5th Cir. 2000).

Plaintiffs have attached declarations to this response describing their distress caused by Tolteca's unauthorized collection. *See* Ex. 5. Their symptoms include loss of sleep, loss of appetite, heartburn, and digestive issues. *Id.* They also had to endure watching each other suffer. *Id.*

Plaintiffs' declarations are sufficient to defeat Tolteca's claim that no evidence of their damages exists.

**D. Tolteca has offered false testimony and manufactured evidence.**

Tolteca's vice president signed an affidavit stating Tolteca's contract with the original creditor had "not been modified, canceled, or terminated" when he knew this was false. Dkt. 28-1. Tolteca's counsel filed that affidavit as evidence despite receiving the termination notice from Sunrise Bluffs' lawyers.

15

Tolteca also filed what they represented to be a "reprint of initial debt notice letter sent to the Speights". Dkt. 28-4. Tolteca started collecting from Plaintiffs in late 2016 or early 2017. The "reprint" is dated November 10, 2022. Tolteca does not explain why the letter, represented to be an initial communication from 2016 or 2017, has a balance higher than what it reported to credit bureaus in April of 2022. The document is not a reprint but a document manufactured for litigation and misrepresented.

This conduct creates a need to weigh the credibility of all evidence offered by Tolteca. Such "credibility determinations" are not appropriate in ruling on a motion for summary judgment. *Reeves,* 530 U.S. at 150. The Court should therefore deny Tolteca's motion.

## IV.    CONCLUSION

The motion of Tolteca Enterprises, Inc. and Travelers Casualty and Surety Co. of America should be denied.

> Respectfully Submitted,
>
> By: *Tyler Hickle*
> Plaintiffs' Attorney
> Tyler Hickle, SBN 24069916
> **Law Office of Tyler Hickle, PLLC**
> 4005C Banister Lane, Ste. 120
> Austin, TX 78704
> Tel: (512) 289-3831 Fax: (512) 870-9505
> tyler@hicklepllc.com

### Certificate of Service

I, Tyler Hickle, certify a true and correct copy of the foregoing was served on Defendants via the electronic filing manager on December 1, 2022.