UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LORYN SPEIGHT & PATRICK SPEIGH ) | Civil Action No. 1:22-cv-688-DH |
| V. ) | |
| TOLTECA ENTERPRISES INC., & TRAVELERS CASUALTY and SURETY CO of AMERICA ) | |

Corrected
**DEFENDANTS REPLY TO PLAINTIFFS' SUMMARY JUDGMENT RESPONSE**

Defendant Tolteca Enterprises Inc., replies to Plaintiffs' Response to Defendants' Motion for Summary Judgment.

For all the reasons stated in the Motion for Summary Judgment and this Reply, a summary judgment should be granted to Defendants and judgment should be rendered that Plaintiffs take nothing by their lawsuit against Defendants.

**Tolteca still collects for Sunrise Bluff.**

1. Tolteca still collects for Sunrise Bluff apartments. The lawsuit reference by Plaintiffs has not been adjudicated and Tolteca contests the lawsuit.

**Tolteca was hired to collect for Sunrise Bluff on the Speights account.**

2. Tolteca was authorized to collect from the Speights the debt they owed Sunrise Bluff apartments. Even if the contract to collect for Sunrise Bluff was canceled later, that it is immaterial because the account was placed for collection by Sunrise Bluff apartments back in 2016. Cancellation of Tolteca's collection contract does not affect the contract Tolteca had back in 2016.

**The Speights have no damages from denial of a mortgage since they obtained one after all.**

3. The Speights' denial of a home purchase mortgage is no evidence of damages because they did obtain a mortgage from another lender and they bought a house. *St. Paul Surplus Lines Ins. Co. v. Dal Worth Tank Co.,* 974 S.W. 2d 51 (Tex. 1998); *Provident Ins. Co. v. Casteneda,* 988 S.W. 2d 189 (Tex. 1998). The fact that another lender gave the Speights a home mortgage loan wipes out their damages claim as a matter of law. There is no evidence of the amount of injury either.

**The "criminal" means claim is without merit.**

4. The Speights have not shown evidence that Tolteca did any "criminal" activity in connection with its attempt to collect the debt. The Speights merely make a conclusory allegation of "criminal" means. The Speights conflate their claim that Tolteca violated the FDCPA with "criminal" action. Plaintiffs theory is any violation of the FDCPA is "criminal". That is an absurdity and Plaintiff cannot show any case law in support of the claim.

Plaintiffs own response defeats their "criminal" action claim because they point out to the court that "criminal" action means the use or threat of use of violence. 15 USC 1692d(1). There is no evidence Tolteca used or threatened violence to attempt collection from the Speights.

Furthermore, there is <u>NO</u> (correction to the reply) evidence Tolteca violated any State of Texas criminal laws. No Texas Penal Code provision is cited either. No criminal complaint exists either. Finally, Tex. Fin. Code 392.402, Criminal Penalties, states that a misdemeanor charge (and there is no such charge) must be "filed not later than the first anniversary of the date of the alleged violation". That 1 year time period has long since expired since Tolteca's attempt to collect the debt was from over 5 years ago.

2

**Plaintiffs have not shown that the debt amount was inaccurate.**

5. Plaintiffs inaccuracy claim is based on their debt having been double reported. As Tolteca explained in its summary judgment motion, the double reporting of the debt was not done by Tolteca. Rent Recovery Solutions double reported the debt. No one informed Tolteca about the second reporting. No one informed Tolteca that it should delete its credit report on the debt thereby curing the double reporting that Plaintiffs erroneously attribute to Tolteca. As explained in the Defendnts' motion for summary judgment, the amount Tolteca attempted to collect included interest which the contract to collect authorized Tolteca to collect and the Speights lease agreement provides can be charged. The inclusion of interest does not make the debt amount inaccurate.

Contrary to Plaintiffs response, it is not reasonable to infer that Tolteca was collecting an inaccurate amount because the amount is attempted to collect differed from the amount Rent Recovery sought to collect. The amount differs because the creditor told Tolteca to collect interest on the unpaid debt. The interest affected the debt amount balance.

**No evidence of knowledge.**

6. Tolteca did not know, and was not told, that Sunrise Bluff had placed the Plaintiffs' debt with another collection agency, Rent Recovery Solutions, years after Tolteca was engaged to collect the debt from the Speights. Consequently, Tolteca did not know that another debt collection agency was involved and that it had reported the Speight's debt a second time to the credit bureaus. 15 USC 1692e(8) states that a debt collector is liable only when it knew or should have known about an inaccurate debt amount. *See also, Richenson v. Javitch, Block & Rathbone LLC,* 576 F. Supp. 2d 86 (N.D. Ohio 2008). Since Plaintiffs have no evidence that Tolteca knew, their claims that Tolteca illegally communicated false, misleading or deceptive credit information about the Speights must

fail as a matter of law.

**The statute of limitations has expired on the $25 collection fee.**

7. The adding of a $25 collection fees on Plaintiffs' debt account is barred by limitations since it was added back in 2016. The statute of limitations has run, whether it is a one, two or four statute of limitations. The $25 collection fee was a discrete one time fee. *Fraenkel v. Messerji,* No. Civ. 04-1072, 2004 WL 1765309, (D. Minn. July 29, 2004); *Campos v. Brooksbank,* 120 F. Supp. 2nd 1271 (D. N.M. 2004). Plaintiffs theory would mean that the statute of limitations is meaningless as the purported infraction would be continuously occurring *ad infinitum*.

**The Plaintiffs did not dispute the debt.**

8. Saying that she did not agree with the charges regarding the Plaintiffs tenancy at Sunrise Bluff apartments, Loryn Speight asked Tolteca to explain the debt amount. In response to her request for an explanation, Tolteca sent Plaintiffs the SODA (Statement of Deposit Account) which itemized the debt. *SODA Exhibit.* Sunrise Bluff also provided the Speights with an explanation. *Exhibit Note from Sunrise Bluff.* After getting an explanation, the Plaintiffs went about their lives for the next 5 years without complaint to the credit bureaus or to Tolteca about the debt amount. Therefore, the Plaintiffs did not did not dispute the debt; they merely asked for an explanation of the charges owed and they received one. For over 5 years after the charges were explained, Plaintiffs did nothing. Their silence shows the explanation was satisfactory.

The Speights only became upset when they learned that another debt collection company double reported the debt.

**Mental Anguish was not caused by Tolteca**

9. Even if the Plaintiffs can make out a case for mental anguish, they have not shown that

4

Tolteca proximately caused the anguish. Tolteca is not liable because Tolteca did not double report Plaintiffs' debt. The double reporting of the debt to the credit bureaus is the whole reason the Plaintiffs claim to be anguished. But since Tolteca did not double report the debt and did not know another debt collector double reported the debt years after Tolteca began collection, it can only be concluded that Tolteca is not the proximate cause of any anguish to the Plaintiffs.

Furthermore, Plaintiffs have not shown that Tolteca proximately caused any harm to Plaintiffs' credit reputation since they did obtain a mortgage.

These are the relevant facts:

1) the Plaintiffs' Equifax credit report states that Phoenix Recovery Group was reporting the debt in April 2022;

2) the Equifax report states that Rent Recovery was reporting the debt in May 2022 ; and,

3) the mortgage denial occurred in June 2022.

So, at the time of the mortgage denial the Speights had 2 collection accounts being reported.

The denial report indicates that the lender was denying a mortgage loan because of collection accounts pending against the Speights. But, there is no evidence as to which collection item was the reason for the denial. Maybe it was both. But in actuality that is unimportant case because a different lender did approve a mortgage loan for the Speights which they used to finance the purchase of a home. And, relevant Texas law is well settled that under such a circumstance the Speights were not harmed as a matter of law. *See, St. Paul Surplus Lines Ins. Co; Prudential Ins. Co., supra.*

Plaintiffs base their mental anguish claim on the debt amount being more than the original debt amount of $4,578.00. But the truth is the debt amount was higher since interest was accruing

5

on the debt. The Plaintiffs mental anguish claim fails as a matter of law because 1) Tolteca was granted the authority to collect the debt back in 2016 and to collect interest on the debt; 2) interest was allowed under the Speights lease agreement; 3) Tolteca did not know Rent Recovery Solutions was alsoreporting the same debt later on; and, 4) Plaintiffs did not dispute the debt for over 5 years. Instead of alerting Tolteca about the second reporting of the debt, the Speights sued Tolteca without warning making claims Plaintiffs were silent about for over 5 years.

**The Speights problem could have been easily resolved.**

10. The problem of the debt amount being double reported on the Speights credit history could have been easily resolved if the Speights had contacted Tolteca to explain that another debt collect was attempting to collect the debt. The Speights did not do that; they sued. Tolteca could have deleted the tradeline for the Speights but the Speights never gave Tolteca that opportunity.

**Summary & Conclusion.**

11. Plaintiffs' lawsuit alleges that Tolteca violated six sections of the FDCPA and violated the similar TDCA provisions. The lawsuit is without merit and has no evidentiary support. The claims that Tolteca engaged in false, misleading, deceptive and illegal collection activity toward Plaintiffs is based on the faulty premise that Tolteca acted wrongfully. The premise of the claims is faulty since Tolteca did not double report the debt and it did not know another debt collector was reporting the debt a second time. The premise of the claims is faulty because the amount of the debt was not inflated by Tolteca; it was inflated by the second reporting of the same debt. Tolteca had no control over the debt being reported twice.

To sum up, there is no evidence Tolteca knew or should have known that Plaintiffs debt was double reported. There is no evidence Tolteca double reported Plaintiffs' debt. There is no

6

evidence anyone told Tolteca another debt collector was involved which made the debt inflate in amount. There is no evidence Tolteca used or threatened to use violence to collect the debt. There is no evidence of a State of Texas penal code misdemeanor charge. There is no evidence of damages since Plaintiffs did get a mortgage. There is no evidence of the amount of any injury arising from a lender deciding not to finance a home purchase for the Speights. There is no evidence Tolteca proximately caused injury to the Plaintiffs. There is no evidence Plaintiffs disputed their account 5 years ago. A request for explanation of the charges is not a dispute. There is no evidence showing any excuse for their failure to inform Tolteca about another debt collector getting involved in collecting the debt. There is evidence Tolteca was told the debt amount might be inflated since, unknown to Tolteca, the debt was double reported.

Instead of giving Tolteca the opportunity to delete the tradeline or address the problem of the double reporting of the debt, the Plaintiffs ambushed Tolteca with this undeserved lawsuit.

WHEREFORE, Defendants should be granted summary judgment.

S/Thomas A. Clarke
Texas Bar No. 04318600
5802 IH 10 West
San Antonio, Texas 78201
210/731-6235
tomatty52@gmail.com

Attorney for Defendants

Certificate of Service

On December 4, 2022, the foregoing reply was e-filed with the court's CM/ECF electronic filing system which will give electronic notice of this to Tyler Hickle, Attorney for the Plaintiffs.

S/Thomas A. Clarke